**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**CASE NO: _____**

| | | |
|---|---|---|
| **AMY BROTHERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| | ) | **(JURY TRIAL DEMANDED)** |
| **STVT-AAI EDUCATION, INC. d/b/a** | ) | |
| **ANCORA EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## PRELIMINARY STATEMENT

Plaintiff Amy Brothers, by and through her undersigned counsel, files this Complaint against Defendant STVT-AAI Education, Inc. d/b/a Ancora Education, making claims for failure to reasonably accommodate Plaintiff's disability and unlawful discharge in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., stating as follows:

## PARTIES

1. Plaintiff Amy Brothers ("Plaintiff") is an individual residing in Wilmington, New Hanover County, North Carolina.

2. Defendant STVT-AAI Education, Inc. d/b/a Ancora Education ("Defendant Ancora") is a for-profit corporation, organized pursuant to the laws of the State of Texas, and authorized to do business in the State of North Carolina.

3. Defendant Ancora has a principal office located at 8701 Bedford Euless Road, Suite 400, Hurst, Texas 76053.

4.      Defendant Ancora has a registered agent in the State of North Carolina located at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

5.      Defendant Ancora owns and operates for-profit post-secondary and career schools in the Southeast United States, including Miller-Motte College in Wilmington, North Carolina.

6.      At all times relevant hereto, Defendant Ancora was acting through its agents, supervisors, directors, officers, employees and assigns, and within the full scope of such agency, office, employment, or assignment.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over Plaintiff's claims under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") pursuant to 28 U.S.C. § 1331 because these claims arise under the laws of the United States.

8.      At all times relevant to the claims in this Complaint, Plaintiff was an employee of Defendant Ancora or Defendant Ancora's immediate corporate predecessor, Delta Educational Systems, Inc., in Wilmington, New Hanover County, North Carolina.

9.      Venue is appropriate in the U.S. District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

10.     In or about May 2000, Plaintiff was hired as an Admissions Representative for Miller-Motte College by Defendant Ancora's corporate predecessor Delta Educational Systems, Inc.

11.     Plaintiff's duties as an Admissions Representative included interviewing prospective students, assisting students in completing financial aid forms and obtaining financial aid, managing admission documentation pertaining to prospective students, preparing miscellaneous reports regarding admissions to Miller-Motte College, providing tours of Miller-Motte College to prospective students, and being available as a resource regarding admission for prospective students.

12.     In approximately 2015, Plaintiff was promoted to Senior Admissions Representative.  As a Senior Admissions Representative, Plaintiff's duties remained essentially the same except her responsibilities for preparing reports increased and her role in training new Admissions Representatives increased.

13.     During Plaintiff's employment, Miller-Motte College employed up to seven Admissions Representatives at a time who performed essentially the same job duties as Plaintiff.

14.     During Plaintiff's employment as an Admissions Representative and Senior Admissions Representative, Plaintiff performed her job duties in an exemplary manner and received positive performance reviews.

15.     During the relevant period of Plaintiff's employment at Miller-Motte College, including the actionable conduct in this Complaint, Plaintiff's direct supervisor was the Miller-Motte College Director of Admissions, Adam Merritt ("Merritt").

16.     During the relevant period of Plaintiff's employment at Miller-Motte College, including the actionable conduct in this Complaint, the most senior administrator at Miller-Motte College was Erin Easton ("Easton").  Prior to the purchase of Miller-Motte College by Defendant Ancora from Delta Educational Systems, Inc., Easton was the Miller-Motte College

3

Campus Director. Since the purchase of Miller-Motte College by Defendant Ancora from Delta Educational Systems, Inc., Easton has been an Executive Director of Defendant Ancora.

17.     In October 2017, Plaintiff was diagnosed with Stage 3 Breast Cancer.

18.     Plaintiff informed Merritt of her diagnosis and her need to take leave to address her medical condition.

19.     In November 2017, Plaintiff requested medical leave from Delta Educational Systems, Inc. pursuant to the federal Family and Medical Leave Act ("FMLA"). Plaintiff's FMLA leave request was granted.

20.     Plaintiff's medical course after her cancer diagnosis included chemotherapy, reconstructive surgery, and unanticipated infection and additional emergency surgery.

21.     On or about January 18, 2018, Defendant Ancora acquired certain assets of Delta Educational Systems, Inc., including Miller-Motte College.

22.     Upon the sale of Miller-Motte College to Defendant Ancora, Plaintiff became an employee of Defendant Ancora.

23.     Upon the sale of Miller-Motte College to Defendant Ancora, Merritt and Easton retained their management positions at Miller-Motte College as employees of Defendant Ancora.

24.     In late January 2018, near the end of Plaintiff's 12-week FMLA leave which had been granted by Delta Educational Systems, Inc., Merritt informed Plaintiff that if she required additional medical leave pursuant to Defendant Ancora's leave policies, Plaintiff would have to work an 8-hour day before submitting a leave request to Defendant Ancora.

25.     Pursuant to Merritt's instructions, at the end of January 2018, Plaintiff worked an 8-hour day at Miller-Motte College and submitted an FMLA medical leave request to Defendant Ancora by providing the leave request to Merritt.

4

26.     Thereafter, Plaintiff resumed her medical leave to continue her chemotherapy throughout February and March of 2018.

27.     While Plaintiff was on medical leave, Merritt and Easton informed Plaintiff that she could return to work after she completed her chemotherapy.

28.     Plaintiff received no response from Defendant Ancora to the medical leave request she provided Merritt at the end of January 2018, and Plaintiff assumed she had been granted FMLA medical leave by Defendant Ancora.

29.     In the first two weeks of April 2018, Plaintiff was again hospitalized for an infection associated with her cancer.

30.     During Plaintiff's hospitalization in the first two weeks of April 2018, Merritt communicated with Plaintiff by text message and asked about Plaintiff's welfare.  Merritt and Defendant Ancora, therefore, were aware of Plaintiff's medical condition and its severity.

31.     Plaintiff received no response from Defendant Ancora to her request for medical leave which was submitted to Merritt at the end of January 2018.

32.      On or about April 19, 2018, within days of Plaintiff's release from the hospital, Plaintiff received a telephone call from Merritt and Easton.  During the telephone call, Merritt and Easton informed Plaintiff that Defendant Ancora had decided to terminate Plaintiff's employment.

33.     During the telephone conversation between Plaintiff, Merritt, and Easton, Easton stated that Plaintiff's termination came without warning and that Easton was upset by the termination decision.

34.	During the telephone conversation between Plaintiff, Merritt, and Easton, Plaintiff was told by Merritt and Easton that no explanation was given for Plaintiff's termination except that "Plaintiff's FMLA leave was up."

35.	On or about April 20, 2018, Plaintiff telephoned Defendant Ancora's Associate Vice President for Human Resources and Payroll, Donna Gilley ("Gilley"), to discuss Plaintiff's employment termination.  Gilley did not answer her phone and Plaintiff left a voice mail.

36.	Gilley never returned Plaintiff's telephone call or responded to Plaintiff's voice mail.

37.	On or about April 21, 2018, Plaintiff received a letter from Gilley dated April 20, 2018 informing Plaintiff that her FMLA "protected time off allowance has expired" and terminating Plaintiff's employment effective April 20, 2018.

38.	Gilley's letter concluded with the sentences "Amy, please continue to take care of your health and know that we wish you well.  If you have any questions, please contact me at [phone number]."

39.	Immediately after Plaintiff received Gilley's April 20, 2018 letter, Plaintiff called Merritt about the letter.  In the telephone conversation, Merritt told Plaintiff not to clean out her office and that when she was well enough to return to work, she could return to her position at Miller-Motte College.

40.	On or about April 23, 2018, Merritt called Plaintiff and informed Plaintiff that Gilley had telephoned Merritt and Easton and asked them why Plaintiff had attempted to contact Gilley by phone a few days prior.  Gilley further admonished Merritt and Easton for informing Plaintiff of her discharge prior to Plaintiff's receipt of Gilley's letter, and prohibited Merritt and Easton from further communication with Plaintiff.

6

41. Gilley's admonishment and instructions to Merritt and Easton regarding Plaintiff, and Gilley's failure to return Plaintiff's telephone call, were wholly inconsistent with Gilley's and Defendant Ancora's purported concern for Plaintiff's welfare in Gilley's April 20, 2018 termination letter.

42. Plaintiff was able and prepared to return to work, and to perform the essential functions of her Senior Admissions Representative job in early May 2018.

43. On or about October 12, 2018, Plaintiff timely submitted a Charge of Discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC") at Charge No. 846-2018-16746, claiming she was denied a reasonable accommodation for her disability and was unlawfully discharged because of her disability in violation of the ADA.

44. The EEOC issued to Plaintiff a Dismissal and Notice of Rights dated November 7, 2018.

45. The instant action is brought within 90 days of Plaintiff's receipt of the EEOC Dismissal and Notice of Rights and Plaintiff has exhausted her administrative remedies and timely filed this action.

## COUNT ONE: CLAIM FOR UNLAWFUL FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

46. Plaintiff incorporates by reference Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. Defendant Ancora is an "employer" and "covered entity" as defined in the ADA at 42 U.S.C. § 12111.

48. At all relevant times, Plaintiff was an "employee" as defined in the ADA at 42 U.S.C. § 12111.

7

49.     At all relevant times, Plaintiff has suffered from the disability of breast cancer.

50.     At all relevant times, Plaintiff has suffered from a "disability" as defined in the ADA at 42 U.S.C. § 12102.

51.     At all relevant times, Plaintiff has been a "qualified individual" as defined in the ADA at 42 U.S.C. § 12111.

52.     Defendant Ancora had notice of Plaintiff's disability through her requests for medical leave to Defendant Ancora and its corporate predecessor, and through Plaintiff's communications with her direct supervisor, Merritt, and Easton.

53.     Plaintiff could have performed the essential functions of her job with the reasonable accommodation of unpaid leave beyond her FMLA medical leave entitlement.

54.     Plaintiff gave Defendant Ancora notice of her need for medical leave as a reasonable accommodation through her FMLA requests to Defendant Ancora and its predecessor, and her communications with Merritt and Easton.

55.     The reasonableness of additional unpaid leave as an accommodation is evidenced by Merritt's statement to Plaintiff after Plaintiff was terminated that she could return to work when her health improved.

56.     The reasonableness of additional unpaid leave as an accommodation is further evidenced by Plaintiff's ability to return to work soon after she was terminated.

57.     Defendant Ancora failed to engage in the interactive process with Plaintiff to determine the reasonableness of Plaintiff's request for an accommodation or to identify alternative reasonable accommodations.

58.     Defendant unlawfully refused to provide Plaintiff a reasonable accommodation and instead unlawfully terminated Plaintiff's employment in violation of the ADA at 42 U.S.C. § 12112.

59.     Due to the unlawful conduct of Defendant Ancora, Plaintiff has suffered and continues to suffer damages, including without limitation, lost wages, medical expenses from the loss of health insurance, severe mental anguish, and inconvenience.

60.     Defendant Ancora acted with malice or reckless indifference to the law and Plaintiff's rights and Plaintiff is entitled to punitive damages.

61.     Plaintiff is also entitled to award of attorneys' fees and costs.

## COUNT TWO: CLAIM FOR UNLAWFUL DISCHARGE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

62.     Plaintiff incorporates by reference Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.     Defendant Ancora is an "employer" and "covered entity" as defined in the ADA at 42 U.S.C. § 12111.

64.     At all relevant times, Plaintiff was an "employee" as defined in the ADA at 42 U.S.C. § 12111.

65.     At all relevant times, Plaintiff has suffered from the disability of breast cancer.

66.     At all relevant times, Plaintiff has suffered from a "disability" as defined in the ADA at 42 U.S.C. § 12102.

67.     At all relevant times, Plaintiff has been a "qualified individual" as defined in the ADA at 42 U.S.C. § 12111.

68. Defendant Ancora had notice of Plaintiff's disability through her requests for medical leave to Defendant Ancora and its corporate predecessor, and through Plaintiff's communications with her direct supervisor, Merritt, and Easton.

69. Plaintiff could have performed the essential functions of her job with the reasonable accommodation of unpaid leave beyond her FMLA medical leave entitlement.

70. Plaintiff could have performed the essential functions of her job upon her return to work in or about May 2018, within a month of her employment termination ion April 20, 2018.

71. Defendant Ancora unlawfully discharged Plaintiff because of her disability in violation of the ADA at 42 U.S.C. § 12112.

72. Due to the unlawful conduct of Defendant Ancora, Plaintiff has suffered and continues to suffer damages, including without limitation, lost wages, medical expenses from the loss of health insurance, severe mental anguish, and inconvenience.

73. Defendant Ancora acted with malice or reckless indifference to the law and Plaintiff's rights and Plaintiff is entitled to punitive damages.

74. Plaintiff is also entitled to award of attorneys' fees and costs

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Amy Brothers prays for the following relief:

(a)     That she may have a trial by jury;

(b)     That she be awarded all damages provided by law and all remedies provided by equity, including all remedies provided by the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.;

(c)     That she be awarded punitive damages;

(d)     That she be awarded attorney's fees and costs; and

10

(e)      That she be awarded such other relief as this Court may deem just and equitable.


This 3rd day of February, 2019.

                                        Respectfully submitted,

                                        HUGHES & GOLDNER, PLLC

                                        By*:   /s/  Mark Goldner__*
                                        Mark Goldner, Esq.
                                        NC State Bar No. 53209
                                        P.O. Box 11662
                                        Charleston, WV 25339
                                        TEL: (304) 400-4816
                                        FAX: (910) 803-2249
                                        mark@wvemploymentrights.com

                                        Attorneys for Plaintiff

11