IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-19-BO

| | |
|---|---|
| AMY BROTHERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STVT-AAI EDUCATION, INC., d/b/a ANCORA ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on defendant's motion for partial dismissal. [DE 15]. The motion has been fully briefed and is ripe for disposition. For the reasons that follow, defendant's motion for partial dismissal [DE 15] is granted.

## BACKGROUND

In May 2000, plaintiff began working in the admissions office of Miller-Motte College, one of the "for-profit post-secondary and career schools in the Southeast United States" now operated by defendant Ancora Education ("Ancora"). [DE 13, ¶¶ 5, 10]. In 2015, plaintiff was promoted to "Senior Admissions Representative." *Id.* ¶ 12.

In October 2017, plaintiff was diagnosed with Stage 3 breast cancer. *Id.* ¶ 17. She informed her supervisor, admissions director Adam Merritt, of her diagnosis and her need to take medical leave. *Id.* ¶ 18. In November 2017, plaintiff requested and received 12 weeks of medical leave pursuant to the Family and Medical Leave Act (FMLA). *Id.* ¶ 19. While plaintiff was undergoing treatment, in January 2018, Miller-Motte College, formerly operated by Delta Educational Systems, Inc., was acquired by defendant Ancora. *Id.* ¶ 20.

In late January 2018, near the end of plaintiff's 12-week medical leave, Mr. Merritt allegedly informed plaintiff that, if she required additional medical leave, she would have to first work an 8-hour day before submitting another request for leave. *Id.* ¶ 37. Plaintiff did so, submitting another request for medical leave in late January. *Id.* ¶ 38. She then continued to receive medical treatment throughout February and March. *Id.* ¶ 40. Plaintiff never received a response to her second medical leave request but assumed her request had been granted. *Id.* ¶ 39. Plaintiff was hospitalized with an infection associated with her cancer in "the first two weeks of April 2018." *Id.* ¶ 43. At that time, Mr. Merritt communicated with plaintiff via text message and asked how she was doing. *Id.* ¶ 44.

On April 19, 2018, "within days of Plaintiff's release from the hospital," Mr. Merritt and one of defendant Ancora's executives directors, Ms. Erin Easton, called plaintiff and informed her that she was being terminated. *Id.* ¶ 45. Mr. Merritt and Ms. Easton allegedly informed plaintiff that she was being terminated because her "FMLA leave was up." *Id.* ¶ 47. A few days later, plaintiff received a letter from Ancora's vice president of human resources informing her that her "protected time off allowance ha[d] expired" and terminating her employment effective April 20, 2018. *Id.* ¶ 50. Plaintiff alleges that, after receiving the termination letter, she called Mr. Merritt, who told her that she could return to her position at Miller-Motte College once she was healthy enough to do so. *Id.* ¶ 52. But, in "late August or early September 2018," plaintiff met with Ms. Easton and Mr. Merritt and informed them that she was ready to return to work, only to be told by Ms. Easton that Ancora would not rehire her. *Id.* ¶¶ 58–60.

Plaintiff contends that she was "able and prepared to return to work, and to perform the essential functions of her Senior Admissions Representative job[,] in early May 2018." *Id.* ¶ 55. In October 2018, plaintiff filed a charge with the Equal Employment Opportunity Commission

(EEOC), claiming that "she was denied a reasonable accommodation for her disability and was unlawfully discharged because of her disability in violation of the [Americans with Disabilities Act (ADA)]." *Id.* ¶ 61. The EEOC issued plaintiff a right-to-sue letter in November 2018. *Id.* ¶ 62.

Plaintiff initiated this action in February 2019. [DE 1]. Plaintiff alleges (1) that defendant unlawfully retaliated against her for taking medical leave under the FMLA, (2) that she was denied a reasonable accommodation for her disability under the ADA, and (3) that she was unlawfully terminated because of her disability under the ADA. *Id.* ¶¶ 64–105.

Defendant has moved to dismiss plaintiff's ADA claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the only accommodation that plaintiff was seeking was indefinite leave and, as a matter of law, indefinite leave is not a reasonable accommodation under the ADA. [DE 15]. Plaintiff has responded in opposition to dismissal of her ADA claims. [DE 20].

DISCUSSION

Defendant has moved to dismiss plaintiff's ADA claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

3

In considering a Rule 12(b)(6) motion, a court may consider documents attached to the complaint, as well as those attached to the motion to dismiss so long as they are integral to the complaint and authentic. Fed. R. Civ. P. 10(c); *Philips*, 572 F.3d at 180. In the event of a conflict between the allegations in the complaint and an incorporated external document, the external document controls. *See, e.g., Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit . . . the exhibit prevails."); *Dangerfield v. WAVY Broad., LLC*, 228 F. Supp. 3d 696, 703 (E.D. Va. 2017) ("[W]hen an external document that is incorporated into the complaint conflicts with Plaintiff's allegations, the external document controls.").

Defendant argues that plaintiff's ADA claims must be dismissed because the "reasonable accommodation" that plaintiff requests is an indefinite leave of absence and, as a matter of law, indefinite leave does not constitute a reasonable accommodation under the ADA. Plaintiff specifically requests "the reasonable accommodation of unpaid leave beyond her FMLA medical leave entitlement," and contends that the "reasonableness of additional unpaid leave as an accommodation is further evidenced by Plaintiff's ability to return to work soon after she was terminated." [DE 13, ¶¶ 84, 87].

The Court finds that, as a matter of law, plaintiff's ADA claims must be dismissed. "One is within the ADA's protected class if one is a 'qualified individual with a disability.' Under the ADA, a 'qualified individual' is one who, 'with or without reasonable accommodation, can perform the essential functions of the employment position.'" *Harris v. Reston Hosp. Ctr., LLC*, 523 F. App'x 938, 947 (4th Cir. 2013) (quotations and citations omitted). A "reasonable accommodation . . . is by its terms most logically construed as that which presently, or in the immediate future, enables the employee to perform the essential functions of the job in question."

*Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 466 (4th Cir. 2012). But the ADA does "not require an employer to give a disabled employee 'an indefinite period of time to correct [a] disabling condition.'" *Halpern*, 669 F.3d at 465 (citing *Myers v. Hose*, 50 F.3d 278, 280 (4th Cir. 1995)). Other courts have held that extended leaves of absence are not reasonable accommodations under the ADA. *See, e.g.*, *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481–82 (7th Cir. 2017) (determining that two or three months of leave in excess of FMLA leave was not a reasonable accommodation); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 338 (2d Cir. 2000) ("The duty to make reasonable accommodations does not, of course, require an employer to hold an injured employee's position open indefinitely while the employee attempts to recover . . . .").

Here, plaintiff's requested accommodation is unreasonable as a matter of law because it would amount to an indefinite leave, or at least a months-long extended leave beyond the 12 weeks allotted by the FMLA. In October 2018, plaintiff represented—under oath—in her EEOC charge that she had "not been released to return to work." [DE 16-1]. This sworn representation is in clear conflict with her allegation that she was "able and prepared to return to work, and to perform the essential functions" of her job in May 2018. [DE 13, ¶ 55]. Indeed, plaintiff alleges that she had been in the hospital just a few days before her April 20, 2018 termination, and alleges that she continued to undergo treatment in June and July 2018. *Id.* ¶¶ 45, 56. These allegations are inconsistent with plaintiff's claim that she could return to work in early May, but are consistent with plaintiff's controlling statement in her EEOC charge that she had not been cleared to return to work as of October 2018. Plaintiff's contentions that, despite the fact that she had not been cleared by a physician to return to work, she nonetheless could have performed her duties at Miller-Motte College, are unpersuasive. An employer is not required to provide an employee with an accommodation that is inconsistent with a doctor's orders. *See, e.g.*, *Lincoln v. BNSF Ry. Co.*, 900

5

F.3d 1166, 1195, n.19 (10th Cir. 2018) (holding that an employer need not provide an accommodation that conflicts with a doctor's orders).

Plaintiff has effectively conceded in her EEOC charge that she was not a qualified individual under the ADA and, as such, both of her ADA claims must be dismissed. Plaintiff states that she had not been cleared to return to work as of October 2018, and the only accommodation that would have permitted her to work would have been an indefinite period of medical leave. Given that a period of indefinite medical leave is, as a matter of law, not a reasonable accommodation under the ADA, plaintiff was not a qualified individual under the ADA. An employer cannot be liable under the ADA "if the employee ultimately fails to demonstrate the existence of a reasonable accommodation that would allow her to perform the essential functions of the position." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 581 (4th Cir. 2015).

Plaintiff has not plausibly alleged the existence of a reasonable accommodation. Plaintiff has therefore failed to allege sufficient facts to state an ADA claim upon which relief can be granted. Defendant's motion for partial dismissal is granted and plaintiff's ADA claims are dismissed.

## CONCLUSION

For the above reasons, defendant's motion for partial dismissal [DE 15] is GRANTED and plaintiff's second and third causes of action are DISMISSED.

SO ORDERED, this **21** day of August, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

6